# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41439
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

July 31, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES RAY HUNT, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:15-CR-26-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

A jury found James Ray Hunt, Jr., guilty of two counts of possession with the intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) (Counts 1 and 3) and two counts of possession or sale of a stolen firearm in violation of 18 U.S.C. § 922(j) (Counts 2 and 5). The jury acquitted Hunt of one count of possessing a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c) (Count 4). Hunt advances two primary claims

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on appeal.  First, Hunt claims that the district court abused its discretion by denying his motion to sever the controlled-substance charges from the firearm charges.  Second, Hunt claims that the district court abused its discretion by admitting into evidence (i) testimony and an audiotape concerning a December 1, 2015 telephone call between Hunt and Nekeba Lee (a confidential informant) and (ii) the testimony of David Lovett, which confirmed that the firearm subject to the § 924(c) charge had been stolen.

I.    *Denial of Hunt's Motion to Sever the Controlled-Substance Charges from the Firearm Charges*

Even assuming arguendo that the joinder of the controlled-substance charges with the firearm charges[1] was improper, Hunt's general and conclusory statements that the jury "could not reasonably be expected to" analyze the evidence for each charge independently fails to establish "clear, specific, and compelling prejudice that resulted in an unfair trial."  *United States v. Simmons*, 374 F.3d 313, 317 (5th Cir. 2004).  Moreover, any possible prejudice was cured by the jury instructions given by the district court.  *See United States v. Bullock*, 71 F.3d 171, 175 (5th Cir. 1995).

II.   *Admission of Evidence*

A.    *Evidence Concerning the December 1, 2015 Telephone Call*

Even if the district court abused its discretion in admitting a telephone call between Hunt and Lee discussing the sale of cocaine, any theoretical error was harmless.  *See United States v. Stephens*, 571 F.3d 401, 409 (5th Cir. 2009).  Other evidence discussing the sale was admitted without objection from Hunt, and the evidence of the telephone call was merely reiterative of and corroborated this other evidence.  Finally, to minimize any prejudicial effect of

---

[1] Hunt sought to sever Counts 2 and 5 from Counts 1, 3, and 4, contending that he sought a distinction between drug charges and weapons charges.  Count 4, however, was a weapons charge stemming from the sale that was the subject of Count 3–the two allegedly occurred on the same date and involved the same buyer.

the subject evidence, the district court gave a limiting instruction. This court has deemed such instructions "significant" in allaying undue prejudice. *United States v. Beechum*, 582 F.2d 898, 917 (5th Cir. 1978) (en banc).

B.      *Testimony of David Lovett*

Lovett's testimony concerning the stolen nature of the firearm was relevant to whether Hunt possessed the firearm in furtherance of a drug trafficking crime, as alleged in Count 4 (of which Hunt was acquitted). *See United States v. Ceballos-Torres*, 218 F.3d 409, 415 (5th Cir. 2000). Moreover, Hunt's argument that the district court should have excluded Lovett's testimony under Rule 404(b) of the Federal Rules of Evidence finds no support in the record. Rule 404(b) pertains to the admission of evidence related to a defendant's crimes, wrongs, or other acts for which he was not charged. Lovett testified that he did not know Hunt, and he did not testify that Lovett stole the subject firearm from his truck. As such, Lovett's testimony did not implicate a separate act attributable to Hunt that would have been governed by Rule 404(b).

Furthermore, even if the district court abused its discretion in admitting Lovett's testimony, any such error was harmless because an officer separately testified—without objection from Hunt—that the firearm was stolen. *See Stephens*, 571 F.3d at 409. Finally, to minimize any prejudicial effect of Lovett's testimony, the district court gave a limiting instruction. *See Beechum*, 582 F.2d at 917.[2] Based on the foregoing, Hunt has failed to establish that the district court abused its discretion in admitting the subject evidence. *See Stephens*, 571 F.3d at 409.

The district court's judgment is AFFIRMED.

---

[2] Belying any claim that the jury was rendered incapable of being fair by admission of this evidence, it acquitted Hunt of Count 4.